## APPEAL OF IRON CITY ELECTRIC CO.

Docket No. 6103. Decided September 29, 1926.

*Walter W. McVoy, Esq.*, for the petitioner.
*Percy S. Crewe, Esq.*, for the Commissioner.

PHILLIPS: The taxpayer appeals from the determination of a deficiency of $2,389.66, income and profits tax for 1919, and alleges error in denying affiliation of the taxpayer with the Devon Electric Co. The petition assigns two other errors, one of which was waived and the other of which is governed by the decision of this Board in the *Appeal of Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

### FINDINGS OF FACT.

Taxpayer was incorporated in 1909 and has since been engaged as a wholesale and retail dealer in electrical supplies. Prior to 1919 it had acquired the right within its district to sell a certain washing machine. This machine, as well as other electrical appliances, was sold by taxpayer to retail dealers within the district. It found that the sales obtained through the retail dealers in the City of Pittsburgh were unsatisfactory and decided to organize its own retail store. For this purpose it caused the incorporation in 1919 of the Devon Electric Co. (hereinafter referred to as the Devon Company) and purchased for cash all of the $50,000 par value capital stock of that company. It secured as manager of that company one Dalrymple, an employee of a competing concern. He was paid a nominal salary and, to give him an interest in the business, one-third of the capital stock was issued in his name. At the same time he executed to the taxpayer a demand promissory note for the par value of the stock and endorsed the stock in blank and left it with the taxpayer as collateral to the note. Payment of the note was to be made from the earnings of the company. During 1919 taxpayer sold merchandise to the Devon Company, of which $20,011.51 was billed to that company at the regular price to retailers and $56,459.95 was billed at cost to taxpayer without any addition for freight, overhead or other such charges. Dalrymple was president of the Devon Company, the president of the taxpayer was vice president of the Devon Company and another individual was secretary and treasurer of both companies.

In order to enable the Devon Company to obtain credit, the taxpayer endorsed its notes and the conditional sales contracts, under which goods were sold by the Devon Company, which the Devon Company discounted at its bank. Some of the employees of the tax-

payer performed services for the Devon Company without receiving any compensation from that company.

Dalrymple had no contract of employment with the Devon Company covering any period of time. The operations of the company were not successful, he left its employ in 1921 at the request of officers of the taxpayer, and at that time the note was cancelled and the stock standing in his name was reissued to the taxpayer. This was done without any demand for payment of the note.

In the determination of invested capital for 1919, surplus at the beginning of the year was reduced by $37,143.27 on account of income taxes for the preceding year.

> *The taxpayer and the Devon Electric Company were affiliated during 1919 and the deficiency, if any, should be computed upon the basis of a consolidated return. Order of redetermination will be entered on 15 days' notice, under Rule 50.*